IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILEY G. YATES, | ) |
|                    Plaintiff, | ) |
| vs. | ) Case No. 11-cv-0469-MJR-PMF |
| ALAN LIFCHITZ, M.D.,<br>C/O THOMAS SMITH,<br>and C/O CALVIN PYE, | ) |
|                    Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

In June 2011, Wiley Yates filed a pro se complaint in this Court along with a motion seeking leave to proceed in forma pauperis (IFP). The complaint alleged that while Yates was incarcerated at Shawnee Correctional Center within this Judicial District, guards and other employees of the Illinois Department of Corrections violated Yates' federally-secured constitutional rights, specifically his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

In July 2011, the Court granted Yates' motion for IFP and directed service to be made on the named Defendants. In September 2011, when two named Defendants answered (Pie and Smith), the Court tracked the case, set a firm trial date, and referred it to a Magistrate Judge to handle pretrial proceedings.[1] A Discovery Order was entered by Magistrate Judge Philip M. Frazier, and a scheduling/discovery conference was set for November 7, 2011, with parties allowed to appear by telephone.

---

[1] A third Defendant answered the complaint in December 2011 (Lifchitz). One named Defendant (Sgt. Vaugh) and the "other unknown defendants" were dismissed via Orders in February and April 2012.

Plaintiff failed to appear for that conference. Magistrate Judge Frazier then entered an Order directing Plaintiff to show cause why the case ought not be dismissed based on Plaintiff's failure to attend the hearing. Plaintiff responded that he had fallen ill with kidney stones, missed work, lost his job, and lost his home. By Order dated November 21, 2011, the Court discharged the show cause Order, allowed the case to proceed, and appointed Plaintiff counsel (attorney Gary E. Wiseman) to assist in this matter. Discovery was undertaken, various motions and pleadings filed, and Plaintiff's deposition was scheduled for March 23, 2012.

Plaintiff failed to appear for his deposition and did not contact his attorney to reschedule or postpone the deposition (attorney Wiseman appeared on the arranged date, as did a representative of the Illinois Attorney General's Office on behalf of Defendants). Plaintiff's counsel managed to reach Plaintiff's girlfriend, thereby learning that Plaintiff had gone to the hospital with a urinary tract infection. Counsel agreed to reschedule the deposition, but Plaintiff's lack of communication with counsel continued.

Ultimately, Plaintiff failed to respond to outstanding written discovery requests, failed to make himself available for deposition, and failed to stay in touch with his appointed lawyer. On April 26, 2012, Defendants jointly moved to dismiss this case for want of prosecution and/or Plaintiff's continued and repeated failure to participate in discovery. On June 6, 2012, the undersigned Judge granted that motion, dismissing all remaining claims herein with prejudice based on Plaintiff's failure to diligently prosecute his case (Doc. 63, p. 1):

> Plaintiff Yates' willful refusal to participate in discovery and his lack of response to the instant motion indicate that he no longer wishes to prosecute this case. Dismissal with prejudice is appropriate in this

situation. See Fed. R. Civ. P. 37(b); see also Brown v. Columbia Sussex Corp., 664 F.3d 182, 190 (7th Cir. 2011)….

Judgment was entered on June 8, 2012, following the June 6th dismissal Order.

On July 6, 2012, Plaintiff Yates (through attorney Wiseman) moved to vacate the dismissal order and judgment via Federal Rule of Civil Procedure 60(b)(1), to reopen the closed case, and to amend the Scheduling/Discovery Order (Doc. 65). Plaintiff argues that he had medical issues (including several emergency room visits and surgical procedures), that dismissal is too harsh a sanction, that he now is back in touch with his lawyer, and that if the Court's judgment and dismissal order are set aside, "defendants would not be substantially prejudiced as their depositions have not yet been conducted" (Doc. 65, p. 2). Defendants have responded, vehemently opposing Plaintiff's motion (Docs. 67, 68).

Motions in civil actions asking the district court to reconsider an order or set aside a judgment typically are analyzed under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *When* a motion is filed has some bearing, but whether a given motion should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or the label affixed to it. **Obriecht v. Raemisch, 517 F.3d 489, 493-94 (7th Cir.)("it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed"), cert. denied, 555 U.S. 953 (2008). See also Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006).**

Rule 59(e) requires motions to be filed no later than 28 days after the entry of judgment and permits a court to alter a judgment if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. Rule 60(b) requires motions

to be filed within a reasonable time (as to certain Rule 60(b) motions, no more than a year after the entry of judgment) and allows relief from a final judgment on several grounds, including under subsection (b)(1) – cited by Plaintiff's counsel in the instant case – "mistake, inadvertence, surprise, or excusable neglect." Yates' motion, filed 30 days after the dismissal Order (and 28 days after judgment entry) is properly interpreted as a motion under Rule 60(b).

Simply put, Plaintiff asserts that his failure to participate in this case or prosecute his action is the result of "excusable neglect" based on his recent illness (Doc. 65, p. 2), but that assertion is not supported by the record. The record reveals that Plaintiff Yates declined to stay in touch with his lawyer or do anything to advance this case for a significant period of time, as Court-imposed deadlines came and went. As the United States Court of Appeals reminded earlier this month: "Excusable neglect under Rule 60(b)(1) covers unintentional omissions … not … a Plaintiff's deliberate actions." ***Edwards-Brown v. Crete-Monee 201-U School Dist.,* -- F.3d --, 2012 WL 3192232 (7th Cir. Aug. 7, 2012).** Furthermore, it is well-established that relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." ***See Pakovich v. Verizon LTD Plan,* 653 F.3d 488, 494 (7th Cir. 2011),** *citing **Eskridge v. Cook County,* 577 F.3d 806, 809 (7th Cir. 2009), and *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000).**

Here, Plaintiff stopped contacting his appointed lawyer, did not let his lawyer know that he was experiencing health issues, and did not take the initiative between his hospital stays and medical procedures to follow up with his lawyer on this matter. Plaintiff failed to appear at one conference before he had an attorney, and he failed to

show for his own deposition after counsel was appointed for him. Plaintiff repeatedly failed to respond to discovery requests. And he offers no explanation for failing to contact his attorney by phone or mail (or even to alert counsel to his situation through a third person, like his girlfriend) over a period of several months. Plaintiff does not explain why, during all that time, he could not make one phone call to his lawyer (even if it was from a doctor's office, a hospital, or his girlfriend's home). Kidney stones and emergency surgery are understandable impediments to missing some deadlines or immediately responding to discovery requests, but Plaintiff has not presented any justification for completely dropping out of contact for the extended period at issue here.

The Seventh Circuit addressed a factually similar situation in an unreported decision five months ago. In **Zachary v. Aramark Corr. Services, LLC, 464 Fed. Appx. 547, 548 (7th Cir. March 29, 2012)(unreported),** the district court dismissed an employment discrimination suit based on want of prosecution when the plaintiff failed to attend a status conference and hearing, failed to respond to discovery, and failed to communicate with defense counsel. The plaintiff challenged the dismissal, arguing that her medical condition (including extreme fatigue, loss of memory, etc.) had precluded her from pursuing the case.

Affirming the district court, the Seventh Circuit declared: "To the extent that [plaintiff's] brief can be construed to argue under Rule 60(b) that her nonfeasance was 'excusable neglect' based on medical circumstances beyond her control, the district court did not abuse its discretion in determining that she had not presented exceptional circumstances to justify relief" under Rule 60(b). ***Id.*, citing *Nelson v. Napolitano,* 657**

F.3d 586, 591 (7th Cir. 2011), and *Harrington v. City of Chicago,* 433 F.3d 542, 547-48 (7th Cir. 2008).

Similarly, in the instant case, neither the circumstances set forth in Plaintiff's Rule 60(b) motion nor the record before the Court reveals any excusable neglect. Plaintiff had the power to, and simply opted not to, pursue this matter through counsel. Additionally, there is no way to vacate the judgment, reopen the case, and reset the discovery schedule while maintaining the final pretrial conference and trial dates ordered by the Court (roughly eight weeks from now). Even if the Court could accommodate an entirely new schedule with fresh dates, Defendants would be substantially prejudiced, and Plaintiff has shown no grounds meriting this step.

Defendants correctly note that Plaintiff has demonstrated a pattern of carelessness or negligence. This does *not* amount to excusable neglect under Rule 60(b) and does not constitute the extraordinary circumstances warranting the extraordinary relief afforded thereunder.

Accordingly, the Court **DENIES** Plaintiff's "Motion to Set Aside and Vacate Order of Dismissal and Judgment and Amend Scheduling Order" (Doc. 65).

IT IS SO ORDERED.

DATED August 28, 2012.

                                                s/ **Michael J. Reagan**
                                                Michael J. Reagan
                                                United States District Judge